UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FAIRHAVEN HEALTH, LLC,

           Plaintiff,

    v.

HILIN LIFE PRODUCTS, INC.,

           Defendant.

Case No. C15-0510RSL

ORDER TRANSFERRING CASE

      This matter comes before the Court on "Defendant's Motion and Memorandum to Dismiss or Transfer Venue." Dkt. # 9. The plaintiff in this action filed suit against a competitor, Hilin Life Products, alleging that defendant engaged in false, deceptive, and misleading advertising in violation of the Lanham Act, the Washington Consumer Protection Act, and 35 U.S.C. § 292. Dkt. # 1. Almost a month earlier, defendant had filed a similar lawsuit against plaintiff in the United States District Court for the District of New Jersey. <u>Hilin Life Prods., Inc. v. Fairhaven Health, LLC</u>, C15-1629MCA-LDW (D.N.J. Mar. 4, 2015).

      Courts "usually avoid duplicative litigation when similar cases are pending in two different federal courts." <u>R.R. Street & Co., Inc. v. Transport Ins. Co.</u>, 656 F.3d 966, 974-75 (9th Cir. 2011). "The first-to-file rule is intended to serve the purpose of promoting efficiency well and should not be disregarded lightly. When applying the first-to-file rule, courts should be driven to maximize economy, consistency, and comity. The first-to-file rule may be applied when a complaint involving the same parties and issues has already been filed in another district.

ORDER TRANSFERRING CASE

Thus, a court analyzes three factors: chronology of the lawsuits, similarity of the parties, and similarity of the issues." Kohn Law Group, Inc. v. Auto Parts Mfg. Miss., Inc., __ F.3d __, 2015 WL 3499923, at *2 (9th Cir. June 4, 2015) (internal citations, quotation marks, and alterations omitted). The first-to-file rule "is not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 844 (9th Cir. 1986).

Having reviewed the complaints and the memoranda submitted by the parties, the Court finds that transfer is appropriate. This action was filed after the District of New Jersey action and involves the same parties. Although the issues are not identical – each side is accusing the other of false advertising regarding the competing products – they are substantially similar, which is all that is required. Kohn Law Group, 2015 WL 3499923, at *3. Forcing two district courts to understand and evaluate the competing products, the parties' past interactions, the regulatory approval process, and the relevant advertising campaigns would be inefficient and poses the risk of inconsistent factual findings. In addition, principles of comity suggest that this Court step aside in favor of the District of New Jersey.

For all of the foregoing reasons, defendant's motion to transfer venue is GRANTED. The Clerk of Court is directed to transfer this matter to the District of New Jersey as related to Hilin Life Prods., Inc. v. Fairhaven Health, LLC, C15-1629 MCA-LDW.

Dated this 20th day of July, 2015.

Robert S. Lasnik
United States District Judge

ORDER TRANSFERRING CASE            -2-